

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Hayes

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hayes" (2006). *2006 Decisions.* Paper 1431.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1431

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2001

———————

UNITED STATES OF AMERICA

v.

DEDRIC DYSHON HAYES
aka Dereke

Dedric Hayes,
Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00062-1)
District Judge: Honorable Yvette Kane

———————

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2006

Before:  RENDELL and STAPLETON, <u>Circuit</u> <u>Judges</u>,
and GILES*, <u>District Judge</u>

(Filed March 15, 2006)

———————

OPINION OF THE COURT

———————

* Honorable James T. Giles, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

On September 4, 2003, Dedric Hayes pleaded guilty to unlawful distribution of an unspecified quantity of crack cocaine, in violation of 21 U.S.C § 841(a)(1). After considering the Presentence Investigation Report, the District Court granted a 25 percent downward departure from an imprisonment range of 235 to 239 months under the Sentencing Guidelines -- calculated from a base offense level of 36 and including a reduction of three levels for acceptance of responsibility, but without applying a proposed two point increase for possession of a dangerous weapon -- and arrived at a sentence of 176 months imprisonment.

On appeal, Hayes argues that the District Court's decision to set Hayes' base offense level at 36 violated his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296 (2004). While *United States v. Booker*, 125 S.Ct. 738 (2005), had not been decided at the time of briefing, we directed Hayes to comment on the applicability of *Booker* to his case. In a letter dated March 22, 2005, Hayes responded that his sentence was improper in light of *Booker* because the District Court considered the Sentencing Guidelines as mandatory, rather than advisory. Hayes also asserts that the District Court erred in setting his sentencing base level based on facts contained in the Presentence Investigation Report because the facts had not been admitted nor proven beyond a reasonable doubt. We have jurisdiction to review Hayes' sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

In *United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005), we held that defendants sentenced under the previously mandatory Sentencing Guidelines should have their sentences remanded to the District Court for resentencing. Thus, in accordance with *Davis*, we will vacate the sentence and remand for resentencing in accordance with *Booker*. *Davis*, 407 F.3d at 165.

Because we are remanding for sentencing in accordance with *Booker*, we need not address appellant's claim that his sentence of nearly 15 years violates the Eighth Amendment's proscription against cruel and unusual punishment. Nevertheless, in the interest of conserving judicial resources, we will consider appellant's contention that his sentence violates the Eighth Amendment because it is cruel. *See United States v. Pojilenko*, 416 F.3d 243, 246 (3d Cir. 2005) (addressing appellant's challenge to district court's interpretation of Section 3B1.4 of Sentencing Guidelines in interest of conserving judicial resources and avoiding unnecessary appeal).

Though Hayes concedes that his sentence is not unusual, he maintains that its length is, nonetheless, cruel. We observe that the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957 (1991), is instructive on this point. In *Harmelin*, the defendant was convicted of possession of 672 grams of cocaine. *Id.* at 961. While the defendant had no prior felony convictions, the Court held that the defendant's mandatory sentence to life in prison without the possibility of parole did not violate the

Eighth Amendment.[1]  *Id.* at 996-97.   The Court noted that "[s]evere, mandatory penalties

may be cruel, but they are not unusual in the constitutional sense."  *Id.* At 994.  Here,

unlike the defendant in *Harmelin*, Hayes had prior felony convictions and pleaded guilty

not simply to possession, but also to distribution.  Therefore, because the Court in

*Harmelin* upheld a greater sentence as consistent with the Eighth Amendment, we

observe that Hayes' sentence does not violate the Eighth Amendment's prohibition

against cruel and unusual punishment.

---

[1]The Court did not reach an agreement as to whether the Eighth Amendment included a requirement of proportionality, but five justices agreed that this sentence should be upheld under the Eighth Amendment.  *Harmelin*, 501 U.S. at 996-97.